**NOT FOR PUBLICATION**

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TEAMSTERS INDUSTRIAL EMPLOYEES PENSION FUND, | Civil Action No. 15-05248-SDW-LDW |
| Plaintiff, | **OPINION** |
| v. | January 24, 2017 |
| SANDY HILL BUILDING SUPPLY CO., | |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court is the Motion for Summary Judgment of Plaintiff Teamsters Industrial Employees Fund ("Plaintiff"), pursuant to FED. R. CIV. P. 56. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

For the reasons discussed below, this Court **DENIES** Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1002(37). (Pl.'s Statement of Material Facts ("SMF") ¶ 1.) Defendant Sandy Hill Building Supply Co. ("Defendant") was a contributing employer to the Teamsters Industrial Employees Fund via a collective bargaining agreement with Local 560, International Brotherhood of Teamsters. (See Pl.'s SMF ¶¶ 4, 7; Forte Aff. ¶¶ 4, 15.) In approximately August of 2014, Defendant notified Plaintiff that it would be permanently ceasing operations and laying off its

1

bargaining unit employees. (Pl.'s SMF ¶ 10.) Plaintiff responded in a September 30, 2014 letter, which notified Defendant that it was subject to withdrawal liability "to be paid in installments of $4,573 per month for 240 months." (*Id*. ¶ 11; Blumenfeld Aff. Ex. B.)

On December 9, 2014, Defendant submitted a letter to Plaintiff requesting a plethora of information regarding Plaintiff's withdrawal liability assessment.[1] Plaintiff responded to the December 9, 2014 letter and provided the requested information three days later. (Pl.'s SMF ¶ 14.) However, in a December 19, 2014 letter, Defendant notified Plaintiff that Defendant had not terminated its last employee until December 10, 2014, and requested that Plaintiff "consider this date as the withdrawal date for Local 560 Fund purposes." (*Id*. ¶ 15; Blumenfeld Aff. Ex. E.) In response, Plaintiff issued a new notice of withdrawal liability to Defendant on February 5, 2015. (Pl.'s SMF ¶¶ 19-22.)

---

[1] The December 9, 2014 letter requested:
    1.    The most current Plan Document and Trust Agreement;
    2.    Rules and procedures adopted by the Plan;
    3.    Specific rules and procedures concerning Withdrawal Liability;
    4.    Actuarial reports for the Plan years ending December 31, 2011, December 31, 2012, and December 31, 2012.
. . . .

    1.    The actuarial assumptions methods and calculations used by the Plan and its actuary in determining the amount of the Plan's unfunded vested liability;
    2.    The Plan's proper computation of the value of its assets and liabilities;
    3.    The Plan's unfunded vested liability allocable to the company as calculated by the Plan including accuracy of each underlying component used by the Plan in making such a determination, such as but not limited to, the amount of the company's historical contributions to the Plan;
    4.    The Plan's Withdrawal Liability as computed based on the Plan underlying component used by the Plan in making such a determination, such as but not limited to, the amount of the company's historical contributions to the Plan.
    5.    The Plan's Withdrawal Liability assessment as it relates to the Building and construction Industry Exemption under ERISA Section 4203(b)

(Pl.'s SMF ¶ 13.)

On April 21, 2015, Defendant filed a demand for arbitration with the New Jersey State Board of Mediation, challenging Plaintiff's withdrawal liability determination. (See Tobia Cert. ¶ 9; Blumenfeld Aff. Ex. G.)  In response, in addition to objecting to Defendant's arbitration demand, (Blumenfeld Aff. Ex. I), Plaintiff filed the Complaint in this matter on July 6, 2015. (*See generally* Compl.)  The Complaint seeks, *inter alia*, a declaratory judgment holding that Plaintiff's withdrawal liability determination as to Defendant is not arbitrable. (*See id.*)  Plaintiff subsequently filed the Motion for Summary Judgment now before this Court on August 15, 2016. (Dkt. No. 26.) Defendant filed a brief in opposition on September 1, 2016, (Dkt. No. 30), and Plaintiff filed a brief in reply on September 8, 2016. (Dkt. No. 31.)

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248.  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its

3

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions, or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the non-moving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004) (citing *Celotex Corp.*, 477 U.S. at 322-23.) If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The non-moving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. Appx. 548, 554 (3d Cir. 2002).

## III.   DISCUSSION

Under 29 U.S.C. § 1399(b)(1), "after an employer's complete or partial withdrawal [from a pension plan], the plan sponsor" must notify the employer of the amount of liability and the required schedule for payments.  Once the sponsor notifies the employer of the sponsor's withdrawal liability determination, the employer may, within ninety days, request that the sponsor review its determination. *Id*. § 1399(b)(2)(A).  This request for review, however, is a mandatory prerequisite to the employer unilaterally initiating arbitration to challenge the sponsor's withdrawal liability determination.  *ee id.* § 1401(a)(1).  Moreover, Section 1401(a)(1) provides that "Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration."

According to Plaintiff, Defendant must be prohibited from challenging Plaintiff's withdrawal liability determination in arbitration because Defendant did not properly request that Plaintiff review its determination pursuant to 29 U.S.C. § 1399(b)(2)(A) (*See* Pl.'s Mot. Summ. J. at 9-14.)  In contrast, Defendant contends that it did, in fact, request review of Plaintiff's determination both through its December 9, 2014 letter, and through subsequent discussions between the parties' counsel. (Def.'s Opp. Mot. Summ. J. at 1-2, 5-7.)  Yet, the dispute over this issue—whether Defendant properly requested review of Plaintiff's determination pursuant to Section 1399(b)(2)(A)—is itself subject to arbitration.  *See* 29 U.S.C. § 1401(a)(1); *PACE Indus. Union-Mgmt. Pension Fund v. Troy Rubber Engraving Co.*, 805 F. Supp. 2d 451, 459 (M.D. Tenn. 2011) ("Because determinations under § 1399 are the subject matter of § 1401's arbitration mandate, concerns about the sufficiency of the request for review (as part of the withdrawal liability determination process) can and should be addressed in the context of arbitration.");

5

*Steelworkers Pension Trust by Daniel A. Bosh, Chairman v. Renco Grp., Inc.*, No. CV 16-190, 2016 WL 5173664, at *8 (W.D. Pa. Aug. 22, 2016), *report and recommendation adopted sub nom. Bosh v. Renco Grp., Inc.*, No. CV 16-190, 2016 WL 5121803 (W.D. Pa. Sept. 21, 2016) (holding that "whether [an employer] failed to serve a timely request for review . . . concern[s] compliance with Section 1399, and thus, [is] subject to arbitration."). Therefore, Plaintiff is not entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **DENIED**. As the only issue before this Court is subject to arbitration, Plaintiff's Complaint is **DISMISSED** *sua sponte*.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Magistrate Leda D. Wettre
            Parties